Andrew B. Levin CA Bar No. 307199
andy.levin@ogletree.com
Ricardo R. Bours CA Bar No. 3250204
ricardo.bours@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Facsimile:   602-778-3750

Attorneys for Defendant Taylor Farms Retail, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Arturo Magallan<br><br>    Plaintiff,<br><br>    v.<br><br>Taylor Farms Retail, Inc.<br><br>    Defendant. | Case No.<br><br>**DEFENDANT TAYLOR FARMS RETAIL, INC.'S NOTICE OF REMOVAL**<br><br>[*Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Certificate of Interested Parties; Declaration of Andrew B. Levin; Declaration of Teresa Perez*]<br><br>Complaint Filed:   August 2, 2023<br>Trial Date: |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, JOSEPH ARTURO MAGALLAN, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and removal jurisdiction under 28 U.S.C. §§ 1441(a), and 1446, Defendant Taylor Farms Retail, Inc. ("Defendant") hereby removes this action, originally filed as Case No. 23CV002499 in the Superior Court of the State of California for the County of Monterey, to the United States District Court for the Northern District of California. Defendant denies the allegations and relief sought in

the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in Defendant's favor, including that Plaintiff and members of the putative class are bound by arbitration agreements. Defendant does not concede, and specifically reserves, its right to contest the suitability of this lawsuit for certification as a class action. Removal is proper for the reasons explained below.

## TIMELINESS OF REMOVAL

1. Plaintiff Joseph Arturo Magallan filed a putative Class Action Complaint against Defendant on August 2, 2023 in the Superior Court of the State of California for the County of Monterey, entitled *Joseph Arturo Magallan, individually and on behalf of all others similarly situated, Plaintiffs, v. Taylor Farms Retail, Inc.; and DOES 1 through 20, inclusive, Defendants*, Case No. 23CV002499. (*See* Declaration of Andrew B. Levin ["Levin Decl."], ¶ 3, **Exhibit A.**)

2. Defendant received service of the Summons and Complaint on August 31, 2023. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it was filed within 30 days of service of the Summons and Complaint. A true and correct copy of any and all process, pleadings, and orders served upon Defendant are attached as **Exhibit B** to the Levin Declaration, filed concurrently herewith.

3. On September 28, 2023, Defendant filed its Answer in Monterey County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit C** to the Levin Declaration, filed concurrently herewith.

4. Plaintiff's Complaint alleges nine causes of action: (1) Failure to Pay Minimum Wages (Cal. Labor Code §§ 1194, 1194.2, and 1197; IWC Wage Order §3-4); (2) Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194, and 1198; IWC Wage Order §3); (3) Failure to Provide Meal Periods (Cal. Labor Code §§ 226.7 and 512; IWC Wage Order §11); (4) Failure to Permit Rest Breaks (Cal. Labor Code §§ 226.7; IWC Wage Order §12); (5) Failure to Reimburse Business Expenses (Cal. Labor Code §§ 2800, 2802); (6) Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code §§ 226; IWC Wage Order); (7) Failure to Pay Wages

Timely During Employment (Cal. Labor Code §§ 204, 210); (8) Failure to Pay All Wages Due Upon Separation of Employment (Cal. Labor Code §§ 201, 202, 203, 227.3); and (9) Violation of Business and Professions Code §§ 17200, *et seq.*

## GROUNDS FOR REMOVAL

5.  Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Here, this Court has federal question jurisdiction over Plaintiff's state law claim arising under California Labor Code section 204 because that claim is completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This Court may also exercise supplemental jurisdiction over Plaintiff's remaining claims because they form part of the same case or controversy. 28 U.S.C. § 1367(a).

**A.  The District Court Has Federal Question Jurisdiction Over Plaintiff's Claims.**

6.  "By enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018). Section 301 of the LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *Id.* (quoting 29 U.S.C. § 185(a)).

7.  "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983). A collective bargaining agreement ("CBA") is such a contract, and § 301 completely preempts all state law claims "founded directly on rights created by [CBAs]." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

8.  The Ninth Circuit applies a two-step analysis to determine whether the LMRA preempts a state law claim. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920

(9th Cir. 2018). First, "[i]f the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citations omitted). Second, if the state law claim is "substantially dependent on analysis of a [CBA]," it is preempted. *Id.* at 1059–60 (quoting *Caterpillar*, 482 U.S. at 394).

### B.   Plaintiff's Section 204 Claim Is Preempted by the LMRA.

9. Plaintiff's claim under California Labor Code section 204 is preempted by the LMRA because Plaintiff's right to timely payment of wages exists solely as a result of the CBA. Plaintiff's Complaint seeks to certify a class of "[a]ll California citizens currently or formerly employed by Defendant as non-exempt employees in the State of California at any time between February 5, 2019 and the date of class certification." (Complaint ¶¶ 20, 21.) Plaintiff's definition of the "proposed class" encompasses hundreds of employees who are subject to a CBA. (A true and correct copy of the CBA is attached to the Declaration of Teresa Perez ("Perez Decl.") as Exhibit 2 in support of this Notice of Removal. (Perez Decl., ¶ 5.)

10. Labor Code Section 204 establishes requirements for the timely payment of wages. Cal. Lab. Code § 204(a). However, pursuant to Labor Code section 204(c), "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."

11. Several district courts have concluded that "[w]hen a governing CBA provides for pay arrangements that differ from the statutory default and meets the requirements of a statutory exemption, that particular labor right 'exists solely as a result of the CBA.'" *Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 (N.D. Cal. May 27, 2020) (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019)); *Tolentino v. Gillig, LLC*, No. 20-CV-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. Jan. 13, 2021) ("[I]t is undisputed that the subject CBA provides for . . . the payment of wages on a weekly basis. . . . Consequently, [Plaintiff's] right to the timely payment of wages 'exists

solely as a result [of] the CBA.'") (citation omitted); *Ariola v. Raytheon CA Techs. Corp.*, No. CV234664MWFAGRX, 2023 WL 5764296, at *9 (C.D. Cal. Sept. 6, 2023) ("Plaintiff's claim under section 204 [in both PAGA and class actions] is preempted under the first *Burnside* step because the claim seeks to vindicate a right that exists as a result of the CBA, and the Court need not proceed to step 2."); *Landy v. Pettigrew Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *4 (C.D. Cal. Nov. 22, 2019) ("[W]here a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'") (citation omitted).

12. Here, Plaintiff's Complaint is based on allegations that "Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period" in violation of section 204. (Complaint ¶ 87–88.) Plaintiff's claim under California Labor Code section 204 implicates collective bargaining considerations, as well as CBA exemptions under the California Labor Code.

13. The Local 890 Agreement provides that "[w]ages shall be paid weekly, within six (6) days of the close of the pay period." (Perez Decl., ¶ 5, Ex. 2 at p. 17.) Plaintiff was a member of Local 890 during his employment with Defendant. (Perez Decl. ¶¶ 6-7, Ex. 1.)

14. Moreover, the CBA provides a grievance procedure, which is defined "as any dispute arising during the term of this Agreement between the Employer and the Union as to the application or interpretation of this Agreement," to resolve claims such as those under section 204:

> "The specified claims to be resolved under this Agreement include, but are not limited to, Labor Code Sections […] **204** […] or any other applicable wage order, any federal, state and local law concerning wage-hour requirements or wage payments,…. The parties hereby confirm their intent

      to incorporate each of the foregoing statutory and regulatory provisions into this Agreement, such that a violation of any of them shall be considered a violation of the Agreement.

(*Id.* ¶ 5, Ex. 2 at p. 7 (emphasis added).)

15. Therefore, because the CBA provides the sole remedy for the timely payment of wages, Plaintiff's section 204 claim is preempted by the LMRA.

   **C.**  **This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining Claims.**

16. Because Plaintiff's section 204 claim raises a federal question under § 301 of the LMRA, the Court may exercise supplemental jurisdiction over his remaining claims pursuant to 28 U.S.C. § 1367(a), because the claims arise as part of the "same case and controversy."

17. Plaintiff's Sixth Cause of Action for failure to provide accurate wage statements in violation of California Labor Code section 226 are part of the "same case and controversy" as Plaintiff's preempted claim under California Labor Code section 204. Plaintiff contends that Defendant's wage statements do not accurately list "the total number of hours worked," meaning the statements allegedly fail to accurately reflect the timely payment of wages. (Complaint ¶ 82.)

18. Plaintiff further contends in his First, Second, Third, Fourth, and Eighth Causes of Action that he and the putative class members did not receive payment of all wages, including overtime and minimum wages, meal and rest period premiums, and wages upon separation of employment within any time permissible under California Labor Code section 204. (Complaint ¶¶ 40–41, 52, 63, 70, 94.) Thus, Plaintiff concedes that his other claims for overtime wages, minimum wages, meal period premiums, rest period premiums, and separation wages are part of the "same case and controversy" as his California Labor Code section 204 claim for untimely wage payments.

19. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction

over Plaintiff's remaining causes of action, which are substantially related to the claim for failure to timely pay all wages owed. Plaintiff's unfair competition claim encompasses every cause of action, which further supports that all causes of action arise from the "same case or controversy." *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F. 2d 709, 714 (9th Cir. 1990) ("[A] district court may exercise pendent jurisdiction over state law claims arising from a [common] nucleus of operative fact."). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint, and "[P]laintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Northern District of California.

DATED: October 2, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Andrew B. Levin
Andrew B. Levin
Ricardo R. Bours
Attorneys for Defendant Taylor Farms Retail, Inc.